**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| Lamont Cutner,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>Warden Wallce, Major Ocean, Sgt. Myers,<br>Cpl. Brandon Williams, Capt. Spikes,<br>Marcus Thomas, Demau Spurlock, Joyalyn<br>Eskew, Esther Labrador,<br><br>　　　　　　Defendants. | Case No. 6:23-cv-05282-RMG<br><br><br>**ORDER AND OPINION** |

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R & R"). (Dkt. No. 37). No objections were filed to the R & R. For the reasons set forth below, the Court adopts the R & R as the order of the Court.

1

## I. Background

Plaintiff, a state prisoner proceeding pro se, brings this case pursuant to 42 U.S.C. § 1983 alleging his Eighth Amendment Rights were violated by Defendants. (Dkt. No. 35). Plaintiff's claims arose out of an alleged incident that occurred on May 20, 2021 where Plaintiff was punched, kicked, and stomped by Cpl. Williams and Sgt. Myers and attacked by another inmate in his cell. (*Id.* at 7-9). Plaintiff further alleged that Maj. Ocean stopped the attack and transferred Plaintiff to a control cell where he was held for five days without a blanket or boxers. (*Id.* at 10). While in the control cell, Plaintiff alleged that he told Ofc. Spurlock and Ofc. Thomas about injuries to his lip, head, and shoulder and that he requested medical care that was not provided. (*Id.* at 10-11). Plaintiff also alleges that Lt. Spikes was aware of the incident but did not complete an incident report and that Nurse Eskew denied him medical care. (*Id.* at 11). Lastly, Plaintiff alleges he was improperly transferred to Broad River by Ms. Labrador and Warden Wallace because of his protective custody status. (*Id.* at 11-12).

The Magistrate Judge reviewed Plaintiff's complaint and recommended that the Court maintain Plaintiff's excessive force claim against Defendants Cpl. Williams and Sgt. Myers and summarily dismiss the remainder of Plaintiff's claims. (Dkt. No. 37 at 1-2). No objections were filed to the R &R. The matter is now ripe for the Court's review.

## II. Standard

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b) "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo review*, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonia Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## III. Discussion

The Magistrate Judge recommended the Court summarily dismiss Plaintiff's (1) supervisory liability, (2) failure to protect, (3) conditions of confinement, and (4) deliberate indifference to medical needs claims.

To allege a plausible claim for supervisor liability under Section 1983, Plaintiff must show that the supervisor (1) had actual or constructive knowledge that his/her subordinates engaged in conduct posing a pervasive or unreasonable risk of constitutional injury; (2) the supervisor's response to the knowledge was "so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) an affirmative causal link

between the inaction by the supervisor and the particular constitutional injury suffered by the plaintiff. *Green v. Beck*, 539 F. App'x 78, 80 (4th Cir. 2013). Here, the Magistrate Judge found that supervisory liability claims against Warden Wallace, Maj. Ocean, Dir. Labrador, and Lt. Spikes should be dismissed because Plaintiff did not allege that any of those defendants were aware of conduct posing a risk to the Plaintiff or that there was a causal link between any knowledge those defendants had and Plaintiff's alleged injuries. The Court agrees with the Magistrate Judge that Plaintiff failed to allege a plausible supervisory liability claim under Section 1983. Accordingly, Plaintiff's supervisory liability claim is summarily dismissed.

Similarly, to plausibly state a failure to protect claim under the Eighth Amendment, a plaintiff must allege sufficient factual allegations to show that a prison official had actual knowledge of a substantial risk of harm to an inmate and disregarded that substantial risk. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Here, the Magistrate Judge found that Plaintiff failed to allege that Cpl. Williams or Sgt. Myers were aware that the unspecified inmate posed a threat to Plaintiff or ignored such a threat during the incident. The Court agrees with the Magistrate Judge and summarily dismiss Plaintiff's failure to protect claim.

To allege a claim based on conditions of confinement, the plaintiff must show that he was deprived of a basic human need and that prison officials were deliberately indifferent to that deprivation. *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993). The Magistrate Judge concluded that Plaintiff's conditions of confinement claim should be summarily dismissed because the alleged conditions (being held in a control cell for five days without boxers to wear or a blanket) do not rise to the level of an Eighth Amendment violation. Based on the allegations and the Court's review of the cases cited in the Magistrate Judge's R &R, the Court agrees and dismisses Plaintiff's conditions of confinement claim.

4

To state a claim for deliberate indifference to medical needs, plaintiff must allege that he has a serious medical need as well as that the defendant "knowingly disregarded that need and the substantial risk it posed." The Magistrate Judge correctly concluded that Plaintiff's claim should be dismissed because plaintiff's alleged injuries (split lip, swollen face, injured shoulder) do not appear to rise to the level of serious medical need and because Defendants actions did not rise to deliberate indifference. Accordingly, the Court summarily dismisses Plaintiff's deliberate indifference to medical needs claims.

### IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 37) as the Order of the Court and **DISMISSES WITH PREJUDICE**, without leave to further amend, and without issuance and service of process Plaintiff's claims for (1) supervisory liability, (2) failure to protect, (3) conditions of confinement, and (4) deliberate indifference to medical needs claims. Plaintiff's excessive force claim against Defendants Cpl. Williams and Sgt. Myers remains.


 s/Richard Mark Gergel
Richard Mark Gergel
United States District Judge

March 18, 2024
Charleston, South Carolina

5