IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lamont Cutner,<br><br>        Plaintiff,<br>  v.<br><br>Sgt. Myers, Brannon Williams,<br><br>        Defendants. | C/A: 6:23-cv-5282-RMG<br><br>**ORDER** |

      Before the Court is the Report and Recommendation ("R&R") (Dkt. No. 68) of the Magistrate Judge recommending that the Court dismiss Defendant Brannon Williams as a party to this action pursuant to Rule 4(m) of the Federal Rules of Civil Procedure because of the failure of Plaintiff to provide sufficient identifying information to allow service by the United States Marshal Service.  Plaintiff filed no objections to the R & R.

**Legal Standards**

      This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

      The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made.  Additionally, the Court may "accept, reject, or modify, in whole or in

-1-

part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiffs did not file objections to the R&R, the R&R is reviewed for clear error.

## Discussion

The Magistrate Judge detailed the multiple efforts to have Plaintiff provide sufficient identifying information to allow the United States Marshal Service to serve the complaint on Defendant Williams. (Dkt. No. 68 at 1-3). The Magistrate Judge's last order seeking additional information on Defendant Williams resulted in no response from Plaintiff. Under the circumstances, the Magistrate Judge correctly and appropriately recommended that the action against Defendant Williams be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure

## Conclusion

For the forgoing reasons, the Court **ADOPTS** the R&R (Dkt. No. 68) as the Order of the Court and **DISMISSES** the instant action against Defendant Williams.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
United States District Judge

August 29, 2024
Charleston, South Carolina