IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Lamont Cutner,<br><br>　　　　　Plaintiffs,<br>　v.<br>Sgt. Myers,<br><br>　　　　　Defendant. | Case No. 6:23-cv-5282-RMG<br><br>**ORDER** |

　　　　Before the Court is the Report and Recommendation (R&R) of the Magistrate Judge recommending that the Court grant summary judgment to the Defendant because Plaintiff failed to exhaust his administrative remedies. (Dkt. No. 145). Plaintiff was provided notice of his right to file objections to the R & R and was advised that the failure to file objections would result in limited clear error review and a waiver of the right to appeal the district court's decision. (*Id*. at 14). Plaintiff filed no objections to the R & R.

**I.　Legal Standard**

　　　　The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but

1

instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## II. Discussion

Plaintiff, who is currently serving a life sentence, alleged in his complaint that Defendant assaulted him in his cell. The record shows that Plaintiff threw a substance on Defendant through the food flap on his cell door. It is disputed whether it was feces or spoiled milk and egg. Defendant and other correctional officers attempted to close the food flap and restrain the Plaintiff. Plaintiff claims Defendant used in excessive force in the process of restraining him.

Defendant moved for summary judgment because Plaintiff failed to exhaust his administrative remedies. The Magistrate Judge carefully reviewed the factual issues in regard to exhaustion of administrative remedies and concluded that Plaintiff failed to exhaust his administrative remedies and that Plaintiff offered no factual support for his contention that he was denied access to the grievance process. (Dkt. No. 145 at 9-12). The Magistrate Judge recommended that the Court grant Defendant's motion for summary judgment. (*Id*. at 13). The Magistrate Judge further recommended that Plaintiff's motion for a preliminary injunction related to alleged denial of access to mail service and mail supplies be denied because there was no evidence that Defendant played any role regarding mail service. (*Id.* at 13-14). Plaintiff filed no objections to the R & R.

## III. Conclusion

In light of the foregoing, the R&R is **ADOPTED** as the Order of the Court (Dkt. No. 145), Defendant's motion for summary judgment (Dkt. No. 103) is **GRANTED**, Plaintiff's motion for preliminary injunction (Dkt. No. 92, 136) is **DENIED**; and the case is **DISMISSED.**

**AND IT IS SO ORDERED.**

                                                               s/ Richard Mark Gergel
                                              Richard Mark Gergel
                                              United States District Judge

July 1, 2025
Charleston, South Carolina